# Hutchinson *v.* Clay Township.

*Negligence—Drainage of land abutting public roads—Statutes—Act of 1836—Constitutional law.*

The Act of June 13, 1836, P. L. 551, which gives to supervisors power to remedy obstructions to drains under public roads which pass over private property is constitutional; section 32 gives them power to open, repair and maintain all such drains, and sections 28 and 32 provide a system of procedure in respect to any of the acts authorized and directed by the service provisions and a method is provided for the payment of any damages incurred.

It follows that a township is responsible in damages if it ignores the consequences of negligent acts and omissions injuriously affecting owners of property abutting upon roads.

Argued May 15, 1900.   Appeal, No. 158, April T., 1900, by Clay Township, in suit of Amelia B. Hutchinson against Clay Township and S. C. Kennedy and Elmer Christy, Supervisors, from judgment of C. P. Butler Co., Sept. T., 1899, No. 73, on verdict for plaintiff.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.   Opinion by W. W. PORTER, J.

Trespass.   Before PATTON, P. J., of the thirty-third judicial district, specially presiding.

The facts sufficiently appear from the opinion of the court below refusing motion for a new trial.

Amelia B. Hutchinson was the owner of a tract of land in Clay township, Butler county, upon which was a spring that flowed across her lands until it reached a public road leading from Sunbury to Boydstown.   This road had been constructed by the supervisors of the defendant township, and in order to allow the water from the spring to freely flow, they had constructed a drain across this road, some three feet wide and eighteen inches deep, which led the water to the lands of Robert A. Brown, who owned the land adjoining the public road and at a lower level.   The difficulty in taking care of the water is that the land is almost level and the debris washing down fills the drain under the road, and also is deposited upon the land

of Robert A. Brown to such an extent that it caused the water to flow back upon the property of the plaintiff, and caused the injury complained of in the declaration.

The undisputed evidence in the case was that any person could have gone upon the lands of Robert A. Brown and with a shovel, in a day's time, could have remedied the wrong at the cost of $2.00. But who had the power to do this? The court instructed the jury that the supervisors of Clay township had that authority, and that it was their duty to take care of this water so that it would freely flow through the drain, and if they failed to do this, they were answerable in damages.

Did we commit error in instructing the jury that the Act of June 13, 1836, P. L. 551, gave the supervisors power to remedy the injury?

But little can be added to what has been said. Section 28 gives the power to the supervisors to enter upon land lying near to said road to take stone. Section 29 provides a method for the assessment of damages for the entry, when the owner and the supervisors can agree upon the persons to estimate the damages. Section 30 provides a method for the assessment of damages for the entry, when the owner and the supervisors cannot agree upon the persons to estimate the damages. Section 31 provides for the making and providing of sufficient causeways. Then section 32 provides that the supervisors aforesaid "shall have power and authority as aforesaid to enter upon any such lands and enclosures and cut open, maintain and repair all such drains and ditches through the same as they shall judge necessary to carry the water from the said roads." That is, they shall have power and authority, given by the sections just mentioned, to enter upon the land, mentioned in the 28th section, to maintain and repair the ditches, mentioned in the 31st section of the act.

It can be admitted that the part of the charge stating that it was the duty of the supervisors to go before the justice of the peace, instead of stating that it was the duty of the owner of the ground to go before the justice of the peace, was error. But it was harmless and of no importance, as that was not a material question or in any manner involved in the issue trying before the jury.

We may also say it would be immaterial whether or not the

owner of the land entered upon, should proceed to collect his damages in the manner designated by the act of 1836. If they had the right to go upon the land of Robert A. Brown, and it was their duty to do so, to remove the obstructions, they are liable in this action.

We think under all the evidence the verdict was a fair one, and that it should not be disturbed. Therefore, the motion for a new trial is overruled and a judgment is directed to be entered on the verdict upon payment of the jury fee.

Verdict and judgment for plaintiff for $475. Clay Township appealed.

*Errors assigned* were alleging that the charge of the court was not consistent in that it was contradictory one part with the other and with the point submitted.

*John M. Thompson*, with him *Newton Black*, for appellant.— The trial judge, without one word of explanation and with less warrant for saying so, told the jury that sections 28, 29 and 30 provided the remedy for digging drains under section 32, which drains were authorized by section 31.

No such connection is found between and among these sections. The property of private owners is not to be thus invaded or appropriated, and while it is the exercise of one of the highest powers known to the law, it is never inferred, but it must be granted.

*Lev. McQuistion* and *S. F. Bowser*, with them *A. L. Bowser*, for appellee.

OPINION BY WILLIAM W. PORTER, J., July 26, 1900:

This action is brought against the township for damages resulting from the negligence of the supervisors in failing properly to maintain a certain culvert or drain, through which the water from a spring on the plaintiff's farm crossed the public road. This drain covered a natural water course. It became obstructed, whereby the water was backed up upon the plaintiff's spring house, and became foul and unhealthy.

There is a large body of testimony in the paper-books. There is no necessity to discuss it at length. There are numerous as-

signments of error which, as the case is presented to us in the argument, raise substantially but one question. Before stating the point, we observe that there is direct evidence on the part of the plaintiff that the drain in the road was itself obstructed. If the obstruction was in the drain itself, clearly it was the duty of the supervisors to remove such obstruction. It is not the whole duty of supervisors to keep the roadbed passable for the traveling public. The abutting property owner has rights in the maintenance of the drains and ditches, which, necessary in the original construction of the road, are to be properly maintained. The act of 1836 is explicit on this point. Section 31 imposes the duty upon the supervisors " to make and maintain . . . . sufficient causeways of stone or timber on marshy or swampy grounds, and also to make and maintain sufficient bridges over all small creeks and rivulets and deep gullies." By section 28, they are given the power " to enter upon adjacent lands to procure material for making, maintaining or repairing " the roads ; and by section 32, it is provided that " the supervisors aforesaid shall also have power and authority, as aforesaid, to enter upon any such lands or enclosures and cut, open, maintain and repair all such drains and ditches through the same, as they shall judge necessary to carry the water from the said roads."

This brings us to the defendant's principal contention. The testimony, it is said, indicates that the main obstruction to the drain is upon the private land of another owner, on the side of the road away from the plaintiff's spring; that to relieve the obstruction requires the entry upon private property ; and that the act of 1836, giving to supervisors the right of such entry, is unconstitutional, because of the alleged absence of provision for compensation to the owner for damages suffered. There is, as we have seen, testimony that the obstruction was in the roadbed, and the verdict of the jury may be sustained on the basis of that testimony.

The act is not unconstitutional. Sections 28, 29, 30, 31 and 32 provide a system of procedure in respect to any of the acts authorized and directed by the several provisions. So taken, the method is provided for securing the payment of any damages incurred. It is, however, said that in this case the road itself is not benefited, but only the owner of property abutting on the road. It may be replied that there is some evidence that

the road was in time of storm, itself submerged.   Be that as it may, it can scarcely be seriously contended that covered natural water courses crossing a public road may be, by neglect or design, converted into dams to the injury of abutting property owners, because the public roadway itself is not thereby injured, and that townships, whose supervisors keep the roads passable for travel, may ignore the consequences of negligent acts or omissions injuriously affecting owners of property abutting upon the roads.

We are of opinion that in the case as presented to us no error was committed and the judgment is affirmed.